hBYRNES, Judge.
Plaintiff, Sandra M. Chaupetta, filed this claim against Keil’s Antiques, Inc., Margaret Keil, Andree Moss, and Peter E. Moss II alleging among other things that she was fired for gender discrimination and pregnancy discrimination on February 24,1993. The trial court ruled in favor of the defendant’s partial motion for summary judgment and dismissed plaintiff’s claims for gender and pregnancy discrimination. We affirm.
Chaupetta alleged that she was fired when she got pregnant because her employer thought she would miss work when she had to stay home to care for the baby when it got sick, etc.
LSA-R.S. 23:1008 prohibits employers with more than 25 employees from discriminating against an employee “because of the pregnancy, childbirth, or related medical condition of any female employee.” Chau-petta’s attorney conceded in oral argument that Keil Antiques, Inc. does not have 25 employees. Therefore, we find that the dismissal of Chaupetta’s claim for pregnancy discrimination was proper.
|2The trial court denied plaintiffs claim for sexual discrimination, reasoning that it was the intention of the legislature in enacting LSA-R.S. 23:1008 to create an exclusive remedy. The trial judge stated “... we should not expand [LSA-R.S. 23:1006 which prohibits sexual discrimination] to include pregnancy discrimination.” We agree.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.